IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRAIG MRAZEK (#M20689), ) | |
| ) | |
| Petitioner, ) | Case No. 20 C 2698 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| DANIEL CLARKE, Warden, Taylorville ) | |
| Correctional Center, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

In April 2020, pro se petitioner Craig Mrazek filed the present petition for a writ of habeas corpus under 28 U.S.C. § 2254(d). Before the Court is Respondent's motion to dismiss Mrazek's habeas petition as untimely under 28 U.S.C. § 2244(d)(1). For the following reasons, the Court grants Respondent's motion and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Background**

Mrazek does not present clear and convincing evidence challenging the statement of facts in the last state court decision addressing his arguments on the merits, and thus the Court presumes those facts are correct for purposes of habeas review. *See* 28 U.S.C. § 2254(e)(1); *Lentz v. Kennedy*, 967 F.3d 675, 678 (7th Cir. 2020). The Court therefore adopts the underlying facts as set forth by the Illinois Appellate Court on post-conviction appeal.

In August 2009, Mrazek was charged with six counts of predatory criminal sexual assault of a child and nine counts of criminal sexual assault related to acts that occurred between October 1, 1996 and February 22, 2001. On April 19, 2011, Mrazek pleaded guilty to three counts of predatory criminal sexual assault of a child. That same day, the Circuit Court of Cook County judge sentenced Mrazek to three consecutive terms of six years in prison.

Mrazek did not file a direct appeal, but instead, approximately three years later in April 2014, he filed a pro se post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et. seq.*, in the Circuit Court of Cook County. In July 2014, the trial court denied the post-conviction petition as frivolous and patently without merit. In October 2017, the Illinois Appellate Court reversed and remanded for further proceedings concluding that Mrazek's post-conviction petition raised an arguable claim of ineffective assistance of counsel. In March 2019, the trial court again denied Mrazek's post-conviction petition. Mrazek's appeal of the March 2019 post-conviction ruling is pending.

In the interim, in February 2015 and August 2017, while his post-conviction petition was pending, Mrazek filed two "nunc pro tunc" petitions regarding in custody credit and for a correction to the record. Both petitions were denied.

**Legal Standard**

"AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus." *Wall v. Kholi*, 562 U.S. 545, 550, 131 S.Ct. 1278, 179 L.Ed. 252 (2011). The one-year period runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

**Analysis**

As a starting point, the Court turns to the date upon which Mrazek's judgment became final under 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." *Gonzalez v. Thaler*, 564 U.S. 134, 149, 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012). Here, Mrazek did not file a direct appeal after pleading guilty, therefore, his conviction became final when the time for seeking direct appellate review expired. Because Mrazek pleaded guilty, he had thirty days from when he was sentenced in April 2011 to either move to withdraw his plea or move to reconsider his sentence, which is a necessary step to filing an appeal under Illinois Supreme Court Rule 604(d). *See Page v. Anglin*, No. 13 C 4298, 2013 WL 6050621, at *2 (N.D. Ill. Nov. 15, 2013) (Feinerman, J.); *see also People v. Easton,* 123 N.E.3d 1074, 1080, 429 Ill.Dec. 15, 21, 2018 IL 122187, ¶ 20 (Ill. 2018) ("Rule 604(d) governs the procedure by which a criminal defendant may appeal from a judgment entered on a guilty plea."). The Circuit Court judge sentenced Mrazek on April 19, 2011; therefore, under Rule 604(d), Mrazek's conviction became final on May 19, 2011. Mrazek then had one year – until May 2012 – to file his habeas petition. He filed the present habeas petition approximately eight years later in April 2020.

Nevertheless, the limitations period is tolled during the pendency of a properly filed post-conviction petition. *Perry v. Brown*, 950 F.3d 410, 412 (7th Cir. 2020); 28 U.S.C. § 2244(d)(2). Mrazek, however, filed his post-conviction petition in April 2014, approximately two years after the deadline to file his habeas petition. It is well-settled, however, that "a state proceeding that does not begin until the federal year has expired is irrelevant." *DeJesus v. Acevedo,* 567 F.3d 941, 943 (7th Cir. 2009). Therefore, absent equitable or statutory tolling, Mrazek's habeas petition is untimely.

Federal courts will only apply equitable tolling if extraordinary circumstances beyond the petitioner's control prevented the timely filing of his habeas petition. *See Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed. 2d 130 (2010). A petitioner seeking equitable tolling bears the

3

burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented timely filing. *Perry*, 950 F.3d at 412.

Under this standard, a petitioner's lack of familiarity with the law or lack of legal training does not trigger equitable tolling. *Socha v. Boughton,* 763 F.3d 674, 685 (7th Cir. 2014); *Taylor v. Michael*, 724 F.3d 806, 811-12 (7th Cir. 2013). Similarly, a petitioner's pro se status does not entitle him to equitable tolling. *Socha,* 763 F.3d at 685; *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008). Generally, attorney errors do not amount to an extraordinary circumstance beyond the party's control for equitable tolling purposes, *see Lombardo v. United States,* 860 F.3d 547, 552 (7th Cir. 2017), although abandonment by counsel may amount to an extraordinary circumstance. *Schmid v. McCauley,* 825 F.3d 348, 350 (7th Cir. 2016). Here, Mrazek does not argue that his trial counsel abandoned him at any time nor is there any evidence in the record as such.

Otherwise, construing his pro se filings liberally, *see Taylor v. JPMorgan Chase Bank, N.A.*, 958 F.3d 556, 562 (7th Cir. 2020), Mrazek has not pointed to any extraordinary circumstance that prevented him from filing his habeas petition on time. As to the due diligence requirement for equitable tolling, it is worth noting that Mrazek did not file an appeal, did not file his petition for post-conviction relief until three years after he was sentenced, and filed his habeas petition ten years too late. *See, e.g., Simms v. Acevedo,* 595 F.3d 774, 781 (7th Cir. 2010). Because equitable tolling does not apply, the Court turns to Mrazek's statutory tolling arguments.

The statutory tolling provisions under § 2244(d)(1)(B)-(D) include: (1) a state-created impediment that prevented petitioner from filing a timely habeas petition; (2) a newly-recognized constitutional right made retroactive by the Supreme Court; or (3) a newly-discovered factual predicate that petitioner could not have discovered earlier with due diligence. *Powell v. Davis*, 415 F.3d 722, 726 (7th Cir. 2005).

Viewing his pro se filings generously, Mrazek has not argued that a state-created impediment

that prevented him from filing his habeas petition, such as being repeatedly denied access to the law library or legal materials during the one-year period after his conviction became final. Next, Mrazek does not point to a newly-recognized constitutional right that the Supreme Court made retroactive on collateral review as required pursuant to § 2244(d)(1)(C). Turning to the last statutory tolling provision concerning a newly-discovered factual predicate, all but one of Mrazek's habeas claims were all readily observable and discoverable prior to his guilty plea. For example, these claims include that the State violated his right to remain silent, the police detectives misrepresented the exact time he signed his *Miranda* waiver, and that trial counsel erred by entering into plea negotiations, among others. Mrazek's remaining claim, that his retained counsel had an "actual, per se conflict of interest" because she had previously worked for the State's Attorney, was easily discoverable by exercising due diligence, namely, asking counsel about her work background. *See Villanueva v. Anglin,* 719 F.3d 769, 774 (7th Cir. 2013) (A petitioner's "subjective knowledge of the important facts starts the limitations clock, but the clock also starts at the time a reasonable person would have discovered those facts."). Because Mrazek has failed to establish statutory tolling, his habeas petition is untimely.

*Certificate of Appealability*

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336. Under this standard, Mrazek must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

5

As the Seventh Circuit has held "[w]hether a given petition is timely is a question under § 2244, not under the Constitution, and therefore an error in treating a collateral attack as untimely is not enough to support a certificate of appealability." *Owens v. Boyd,* 235 F.3d 356, 358 (7th Cir. 2000) (collecting cases); *see also Young v. United States,* 523 F.3d 717, 718 (7th Cir. 2008). Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Conclusion**

For these reasons, the Court grants Respondent's motion to dismiss Mrazek's habeas petition as untimely under 28 U.S.C. § 2244(d)(1) and dismisses this action in its entirety. [20]. The Court further declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Date: 10/16/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge